UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:20-cv-10668 |
| v. | ) |
| | ) |
| **LABELLE MANAGEMENT, INC.,** a | ) Judge: |
| Michigan corporation for profit, | ) |
| | ) |
| And | ) |
| | ) |
| | ) |
| **QUICK CASUAL CORPORATION,** a | |
| Michigan corporation for profit. | |
| | |
| Defendant. | |

## COMPLAINT FOR EQUITABLE RELIEF

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant **Labelle Management, Inc.**, a Michigan corporation and Defendant **Quick Casual Corporation**, a Michigan corporation for profit for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

1

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government, and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendants' property and operations complained of by Plaintiff are located in this judicial district, where the businesses of public accommodation are conducted, including the acts complained of herein.

**PARTIES**

4. Plaintiff, LELAND FOSTER ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendants **LABELLE MANAGEMENT, INC.** and **Quick Casual Corporation** operate and own a Comfort Inn & Suites as well as a Bennigan's located at 2424 S Mission St. Mt Pleasant, MI 48858 in Isabella County. Plaintiff has patronized Defendants' hotel and restaurant previously as places of public accommodation.

6. Upon information and belief, the facilities owned and operated by LABELLE MANAGEMENT, INC. and Quick Casual Corporation are non-compliant with the remedial provisions of the ADA. As Defendants own, lease, leases to, or operate a place

of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' facilities as a hotel, restaurant and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

7. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff been an overnight hotel guest at the Comfort Inn that forms the basis of this lawsuit, most recently on or about January 23, 2020, and a restaurant customer at the Bennigan's on a date on or about February 1, 2019 and he plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including hand cycle events, wheelchair tennis, rock wall climbing and other activities in Central Michigan and hosted at nearby Central Michigan University which boasts an exceptional and acclaimed adaptive therapeutic recreation program. Through his involvement in adaptive sports he has established friendships throughout Michigan and inside Mt. Pleasant. Plaintiff Foster has also been a repeated customer at Soaring Eagle Casino for recreation and events and it has become a favorite destination.

9. During the Plaintiff's stay, and most recently on the date of January 23, 2020, Plaintiff

encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in

violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendants have discriminated and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

14. Upon information and belief, the Comfort Inn & Suites has undergone multiple renovations to its facilities subsequent to January 26, 1992, all the while owned or operated by at minimum one of the two named Defendants, and has not complied with the alteration standards and requirements of the ADA.

15. Upon information and belief, the Bennigan's was constructed for first occupancy after January 26, 1992 and its construction does not comply with the 1991 ADA Standards for Accessible Design as would be required for a place of public accommodation, all the while owned or operated by at minimum one of the two named Defendants.

16. A preliminary inspection of the Comfort Inn & Suites and the Bennigan's has shown that many violations of the ADA exist.  These violations include, but are not limited to:

Parking and Accessible Routes

A. Access aisles at designated accessible parking spaces do not lead to an accessible route due to curbs and changes in level at the Bennigan's, in violation of the ADA whose remedy is readily achievable.

B. There is no compliant designated accessible route from the designated accessible parking to the entrances due to walking surfaces with excess slope, in violation of the ADA whose remedy is readily achievable.

C. There is no designated accessible parking serving the hotel registration, in violation of the ADA whose remedy is readily achievable.

D. There are cracks and changes in level in excess of ¼ inch and a sewer grate with large grate openings along the accessible route, in violation of the ADA whose remedy is readily achievable.

E. Some entrances to the hotel lack required maneuvering clearance at the latch side as well as lack level landings and ground surfaces in front of the entrance, in violation of the ADA whose remedy is readily achievable.

F. There is no marked passenger loading zone access aisle, in violation of the ADA whose remedy is readily achievable.

G. There are stairways inside the hotel that do not have compliant handrails on both sides, in violation of the ADA whose remedy is readily achievable.

H. The entrance to the swimming pool room does not have required maneuvering clearance at the latch side, in violation of the ADA whose remedy is readily achievable.

Bennigan's

I. The men's restroom door does not have required maneuvering clearance at the latch side to exit the restroom, in violation of the ADA whose remedy is readily achievable.

J. The designated accessible toilet compartment door in the men's restroom is not self-closing and does not contain door pulls on both sides and does not have the required latch side clearance, in violation of the ADA whose remedy is readily achievable.

K. The toilet paper dispenser in the men's restroom toilet compartment is not mounted in the required location and its location within 12 inches above the side grab bar impedes its use, in violation of the ADA whose remedy is readily achievable.

L. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

M. There is not at least 5% of designated accessible seating and standing dining surfaces in the dining area and bar, in violation of the ADA whose remedy is readily achievable.

6

Type and Number of Designated Accessible Guestrooms

    N.  Upon information and belief, the Defendants have a legally insufficient total number of hotel guestrooms fitted with mobility accessible features and there are no designated accessible guestrooms equipped with roll-in showers. Whereas, for a property with 138 guestrooms as Comfort Inn & Suites, there must be a minimum of five mobility accessible guestrooms without a roll-in shower and a minimum of two mobility accessible guestrooms with a roll-in shower, totaling seven guestrooms.

    O.  The Defendant's hotel offers varied types, prices and classes of lodging options including standard one king bed and two queen bed room types, 24 executive suites, 10 deluxe family suites and 2 parlor suites for a total of 36 suites, but does not disperse accessible accommodations among the types and classes or any suites, instead locating them only in one room type, a standard guest room with one king size bed, in violation of the ADA whose remedy is readily achievable.

The Designated Mobility Accessible Guestroom #121

    P.  The door to the bathroom contains hardware that requires tight grasping or twisting to lock, in violation of the ADA whose remedy is readily achievable.

    Q.  The connecting door to the adjoining guestroom contains hardware that requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

    R.  The bathtub is missing grabs bars and those that do exist are not compliant, in violation of the ADA whose remedy is readily achievable.

    S.  The bathtub faucet controls are not located between the open side of the tub and the center line, in violation of the ADA whose remedy is readily achievable.

    T.  The hotel's accessible guestroom bathroom is missing a permanent or removable in-tub seat, in violation of the ADA whose remedy is readily achievable.

    U.  The hotel's accessible guestroom shower spray unit fails to provide on/off controls, in violation of the ADA whose remedy is readily achievable.

    V.  The hotel's accessible guestroom bathroom water closet has no side grab bar and the rear grab bar is a non-compliant length, in violation of the ADA whose remedy is readily achievable.

    W.  The hotel's accessible guestroom bathroom toilet paper dispenser is not mounted in the required location in front of the water closet measured to the centerline of the dispenser, in violation of the ADA whose remedy is readily achievable.

    X.  The water closet's flush control is not located on the open side of the unit, in violation of

the ADA whose remedy is readily achievable.

Y. The water closet must be positioned with a wall to the rear and a wall to one side with the centerline of the water closet 16 inches minimum to 18 inches maximum from the side wall whereas in room 121 the water closet is not situated at a side wall, in violation of the ADA whose remedy is readily achievable.

Z. The desk inside the guestroom lacks required knee clearance, in violation of the ADA whose remedy is readily achievable.

Lobby Restrooms

AA. The men's restroom lacks required maneuvering clearance at the latch side to exit the restroom, in violation of the ADA whose remedy is readily achievable.

BB. The men's restroom lavatory lacks required knee clearance for wheelchair users, in violation of the ADA whose remedy is readily achievable.

CC. The men's restroom water closet is located too far from the side wall to the centerline of the water closet, in violation of the ADA whose remedy is readily achievable.

DD. The men's restroom water closet seat height is below the required height range, in violation of the ADA whose remedy is readily achievable.

EE. The men's restroom toilet paper dispenser is not mounted in the required location in front of the water closet measured to the centerline of the dispenser, in violation of the ADA whose remedy is readily achievable.

FF. The coat hook inside the men's restroom toilet compartment is located in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

GG. Upon information and belief, the women's restroom has similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

HH. The drinking fountain does not have the required knee clearance for use by people who use wheelchairs for mobility, in addition, no fewer than two drinking fountains should be provided, in violation of the ADA whose remedy is readily achievable.

II. The lobby business center has work surfaces that exceed the maximum allowed 34 inches in height, in violation of the ADA whose remedy is readily achievable.

JJ. The water faucet foot wash controls in the swimming pool require tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

KK. The emergency phone in the pool area is mounted above allowable reach range, in violation of the ADA whose remedy is readily achievable.

LL. The fitness center door requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

MM. The fitness equipment does not have required maneuvering clearance between them for wheelchair users, in violation of the ADA whose remedy is readily achievable.

NN. There are amenities in the fitness room, including paper towels, located in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

OO. The first guest laundry washer is not front-loading, in violation of the ADA whose remedy is readily achievable.

PP. The second guest laundry area has a stacked dryer that is located above allowable reach range and a washer that has clear floor space impeded by a trash receptacle, in violation of the ADA whose remedy is readily achievable.

QQ. There is not the required clear floor space to approach the dryer in the first guest laundry area due to the presence of a trash receptacle and vending machines, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

RR. Upon information and belief, the Comfort Inn & Suites website, https://mtpcomfortinn.com, does not identify or describe accessible features in sufficient detail to reasonably permit individuals with disabilities to assess independently whether the hotel or guestroom meets his or her accessibility needs, in violation of 28 CFR § 36.302(E)(1)(ii).

SS. Upon information and belief, the Defendants lack or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

TT. The Defendants' inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

17. The discriminatory violations described in Paragraph 16 by Defendants Labelle Management, Inc. and Quick Casual Corporation are not an exclusive list of the

9

Defendants' ADA violations. Plaintiff requires further inspection of the Defendants' place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

### COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITES ACT

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The hotel and restaurant at issue, as owned and operated by Labelle Management, Inc. and Quick Casual Corporation, constitute places of public accommodation and service establishments, and as such, must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until

      Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

21. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

22. Pursuant to 42 U.S.C. §12187, the Plaintiff requests that the Court issue an injunction requiring the Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**
**M.C.L. § 37.1301** *et seq***.**

23. Plaintiff restates the allegations of ¶¶1-22 as if fully rewritten here.

24. Labelle Management, Inc. and Quick Casual Corporation operate a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

25. Defendants committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendants have denied Mr. Foster and others with mobility impairment handicap compliant transient lodging and restroom facilities without undertaking readily achievable barrier removal or, having made alterations to the

property but failing to comply with the ADA alteration standards and rules, or first constructed the property out of compliance with the ADA.

26. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
valeriefatica@gmail.com
*Admitted to bar of the E. District of MI